IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 91-138 |
| | ) | Civil Nos. 16-837, 17-1341 |
| | ) | |
| JOHN C. KENNEY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

Pending before the court are a § 2255 motion and an amended § 2255 filed by counsel on behalf of defendant John C. Kenney ("Kenney") to vacate his sentence based on his designation as a career offender under the "mandatory" sentencing guidelines (Civ. No. 16-837, ECF Nos. 1, 6; Civ. No. 17-1341, ECF No. 1).[1] The government filed a response in opposition, arguing that the motions were untimely filed. (ECF No. 8). The motions were stayed at the request of the parties pending resolution of potentially dispositive legal issues by the United States Supreme Court and United States Court of Appeals for the Third Circuit. Kenney's counsel filed a notice that the § 2255 motions are now ripe for decision.

Specifically, the notice provides that because the United States Supreme Court denied certiorari in *United States v. Green*, No. 18-8435, the Third Circuit Court of Appeals' decision in *United States v. Green*, 898 F.3d 315 (3d Cir. 2018), which is controlling, is now final. (ECF No. 18). As Kenney recognizes, "the Third Circuit held that *Johnson v. United States*, 135 S. Ct. 2551 (2015), did not constitute a newly recognized right, such that a petitioner who was

---

[1] The underlying criminal case, Crim. No. 91-138, is not on the court's electronic filing system. The pending motions are filed electronically at the civil cases. Unless otherwise stated, the court will cite to the documents filed at Civil No. 16-837.

sentenced under the then-mandatory guidelines and who filed a petition under 28 U.S.C. § 2255 within one year of *Johnson*, did not file a timely § 2255 petition." *Id*.

Kenney was sentenced on May 29, 1992, to a term of imprisonment of 262 months under the pre-*Booker*, "mandatory" guidelines regime. He was designated as a career offender based on prior convictions for simple assault and robbery. Although the one-year time limit to file a § 2255 motion is long expired, Kenney contends that his § 2255 motion is timely pursuant to 28 U.S.C. § 2255(f)(3) because it was filed within one year of *Johnson*. Kenney argues that *Johnson* (holding that the "residual clause" of the Armed Career Criminal Act was unconstitutionally vague) created a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

In *Green*, the Third Circuit Court of Appeals rejected this argument. The court reasoned that the Supreme Court's decision in *Johnson* did not "recognize" a new right for defendants sentenced under the similar "residual clause" in the mandatory sentencing guidelines because that remained an "open question" after *Beckles v. United States*, 137 S. Ct. 886 (2018) (rejecting a vagueness challenge to the residual clause in the advisory sentencing guidelines regime). The court explained in *Green*:

> We hold that Green's motion is untimely in light of the plain language of 28 U.S.C. § 2255(f)(3) and the Supreme Court's indication in *Beckles* [*v. United States*, 137 S. Ct. 886 (2018),] that it remains an open question whether the mandatory Sentencing Guidelines can be subject to vagueness challenges. In so holding, we do not speak to the merits of Green's claim, and do not decide whether the residual clause in the mandatory Sentencing Guidelines is unconstitutionally vague. Only the Supreme Court can recognize the right that would render Green's motion timely under § 2255(f)(3).

898 F.3d at 322. Green's § 2255 motion was denied as untimely filed.

Because Kenney's § 2255 motion is procedurally identical to Green's, it must also be denied as untimely filed. *See Polanco v. United States*, No. CV 16-3769 (KSH), 2019 WL

2385889, at *4 (D.N.J. June 6, 2019) (*Green* is "procedurally indistinguishable" from § 2255 challenge to sentence as a career offender under the then-mandatory guidelines and compels dismissal of motion as untimely).

Conclusion

For the reasons set forth above, the § 2255 motion and amended motion filed by Kenney (Civ. No. 16-837, ECF Nos. 1, 6; Civ. No. 17-1341, ECF No. 1) are untimely filed and must be DENIED.

Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Because Kenney did not meet this standard, a certificate of appealability will not issue. Civil Action Nos. 16-837 and 17-1341 will be closed.

An appropriate order follows.

By the court:

October 2, 2019

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge